IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOEY STEVEN DOMINGUEZ, INDIVIDUALLY AND D/B/A CROSSROADS MUSIC VENUE | § § § § | |
| V. | § § | CASE NO. _____ |
| PENN-AMERICA INSURANCE COMPANY | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW JOEY STEVEN DOMINGUEZ, Individually and d/b/a CROSSROADS MUSIC VENUE, (hereinafter referred to as "Dominguez") and files this his Original Complaint against Defendant PENN-AMERICA INSURANCE COMPANY (hereinafter referred to as "Penn"), and in support thereof would respectfully show unto the Court as follows:

1. Plaintiff JOEY STEVEN DOMINGUEZ, Individually and d/b/a CROSSROADS MUSIC VENUE, is an individual residing in Ben Wheeler, Van Zandt County, Texas.

2. Defendant Penn-America Insurance Company is an insurance company duly organized under the laws of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania. Defendant Penn may be served with process through its registered agent for service, National Registered Agents, Inc., 818 West Seventh Street, Ste. 930, Los Angeles, CA 90017.

3. This action is brought based upon 28 U.S.C. §1332 as there exists a diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, Plaintiff seeks a declaratory judgment concerning its rights regarding the controversy which exists between the parties pursuant to 28 U.S.C. §2201.

4. Venue is proper under 28 U.S.C. §1391(b)(2) as based upon information and belief the events

giving rise to this action occurred within the Eastern District of Texas.

5. Dominguez was insured by Defendant Penn under Policy No. PAV0128889, with effective dates of August 24, 2018 through August 24, 2019. The policy in question provided coverage for commercial general liability.

6. Dominguez executed a Venue Rental Agreement with Avery Akins. Under the terms of the agreement, Avery Akins rented a location known as Crossroads Music Venue. The rental provided that the rental was for a Promotion Party that was to occur on April 19, 2019.

7. On May 4, 2021, Dominguez was served with Plaintiff's First Amended Petition in a matter styled, Cause No. 71595-A; *Susan Allen, Individually and as Personal Representative of The Estate of Key'undta Barrett, Deceased v. Charles Tidwell, Individually and d/b/a BET Acoustic Company; Charles L. Tidwell, Individually and d/b/a BET Acoustic Company; Charles L. Tidwell, Individually and d/b/a B E T Acoustic Co.; Charles Tidwell; Charles L. Tidwell; Treyvon Dewayne Maddox; Crossroads Music Venue; Joey Steven Dominguez, Individually and d/b/a Crossroads Music Venue*; in the County Court at Law No. 2, Smith County, Texas. A copy is attached hereto as Exhibit A. The petition alleges that on April 20, 2019, Key'undta Barrett was killed when a firearm was discharged as a result of a "dangerous condition and/or unsafe activity". No additional facts are alleged concerning the manner or means by which the firearm came to discharged. The petition fails to describe how the firearm came to be discharged other than referring to it as an unsafe activity or dangerous condition.

8. The aforementioned petition alleges various acts of negligence against Dominguez, including the following:

    a. Failing to properly secure the parameters of the property;
    b. Failing to take steps to prevent Defendant MADDOX from entering the Premises with a firearm;

  c. Failing to properly inspect and maintain the area in question to discovery the dangerous condition;
  d. Failing to maintain the area in a reasonably safe condition;
  e. Failing to properly and reasonably promote the event occurring on the Premises;
  f. Failing to give adequate and understandable warnings to Barrett of the unsafe condition of the area and/or unsafe activity occurring in the area;
  g. Failing to take adequate and/or reasonable measures to prevent firearms from being brought onto the Premises;
  h. Failing to give warnings to Barrett of the unsafe condition and/or activity;
  i. Permitting an unsafe activity to occur and continue to occur on the Premises;
  j. Permitting Defendant Maddox to possess a firearm while on the Premises; and
  k. Permitting Defendant Maddox to discharge a firearm while on the Premises.

9. Plaintiff tendered the petition to Defendant Penn requesting that Penn defend him against the allegations contained in the petition. On or about May 27, 2021, only one business day before Defendant's answer was due, Defendant Penn advised that they were denying coverage and would not provide him with a defense. A copy of Defendant Penn's denial letter is attached hereto as Exhibit B.

10. In support of its denial Defendant Penn cited the "Assault and Battery Exclusion" which states as follows:

> In consideration of the premium charged, it is understood and agreed that this insurance does not apply to liability for damages because of "bodily injury" ... arising out of an "assault," "batter," or "physical altercation" that occurs in, on, near or away from tan insured's premises:
>
>  1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons or other persons in, on, near or away from an insured's premises, or
>
>  2) Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition, or
>
>  3) Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, failure to warn of the 'assault,' 'battery,' or 'physical altercation,' including

        but not limited to, negligent hiring, training and/or supervision.

    4)    Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons or other persons.

**DEFINITIONS**

For purposes of this endorsement:

"Assault" means any attempt or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected. The use of force includes but is not limited to the use of a weapon.

"Physical altercation" means a dispute between individuals in which one or more persons sustain bodily injury arising out of the dispute.

All other terms, conditions and definitions of the Policy otherwise apply.

11.    The subject insurance policy provides as follows:

    **SECTION I – COVERAGES**

    **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    1.    Insuring Agreement.
        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

The claims as plead fall within the coverage provided under the policy. Under the Eight Corner's Rule the duty to defend is determined solely from the terms of the policy and the pleading of the third party claimant. Extrinsic evidence cannot be used to defeat the insurer's duty to defend. Further, when relying upon an exclusion, as in this case, the burden of proof rests with the insurer. In the absence of factual allegations subject to the exclusions, Defendant is obligated to defendant Plaintiff.

12. Plaintiff would show that Defendant Penn has denied coverage on the basis that the Assault and Battery Exclusion excludes coverage for claims arising out of assault, battery and/or physical altercation as defined in the policy. The pleadings in the state court action do not allege or describe an event falling within the exclusion relied upon by Defendant.

## BREACH OF CONTRACT

13. Defendant Penn issued a policy of insurance that provided coverage for the subject claim. Plaintiff would show that Defendant Penn has wrongly denied coverage by refusing to defend the state court action as required under the terms of the insurance policy in question. Defendant has breached its contract by failing to provide a defense for the state court action.

14. As a result of Defendant's wrongful denial, Plaintiff has incurred attorney's fees and expenses. Plaintiff seeks to recover all reasonable and necessary attorney's fees incurred as a result of Defendant Penn's breach of contract.

## DECLARATORY RELIEF

15. Pursuant to 28 U.S.C. §2201, Dominguez requests that the Court enter a declaratory judgment declaring the rights of the parties. Plaintiff Dominguez requests judgment declaring that:

   a) Defendant Penn breached its contract by refusing to defend Defendant Dominguez in the pending state court action;

   b) Defendant Penn has failed to establish that the claim in question is excluded under the Assault and Battery Exclusion;

   c) Defendant Penn is obligated to defend Plaintiff Dominguez in the pending action and to reimburse Plaintiff for all costs incurred by the failure to defend; and

   d) Plaintiff Dominguez is entitled to recover all attorney's fees incurred herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JOEY STEVEN DOMINGUEZ, Individually and d/b/a CROSSROADS MUSIC VENUE prays that Defendant by duly cited and commanded to appear by law and answer herein; that on final hearing hereof Plaintiff have judgment against Defendant, and for such other and further relief, whether at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

BOYD BOYD & GIDDENS

BY:   /s/ Paul M. Boyd
PAUL M. BOYD
State Bar No. 02775700
1215 Pruitt Place
Tyler, Texas 75703
903/526-9000
903/526-9001 (FAX)
pboyd@boydlawtexas.com

ATTORNEY FOR PLAINTIFF